## MULLEN v. PATE.

### No. 5972.

Court of Appeal of Louisiana. Second Circuit.

Feb. 7, 1940.

Rehearing Denied March 6, 1940.

J. Fair Hardin, of Shreveport, for appellant.

Samuel P. Love, of Shreveport, for appellee.

DREW, Judge.

The lower court set out the issues of this case and determined them in the following written opinion:

"Plaintiff brings this suit to recover $548.00, interest and costs, balance due for trucking and hauling done for defendant on four different occasions between the dates of November 19, 1937, and April 10, 1938, as shown by itemized statement.

"It is alleged that the work was done under an oral agreement with the understanding that it should be paid for on a quantum meruit basis according to customary charges.

"The answer is limited to a denial of all allegations, except amicable demand. A proper decision in the case is difficult for the reason that in the oil fields wells must be drilled at once, despite location and

weather conditions. A haul of only a short distance through mud and morass may present almost insurmountable difficulty and justify a correspondingly high charge. Sligo is always bad in the winter. The situation is the usual one where work is done without a definite agreement as to charge.

"The testimony of defendant is much weakened by his admission that he continued to employ plaintiff, though he claims an excessive bill was rendered him and remained unadjusted after each occasion. This is as unreasonable as the statement that plaintiff agreed to do the hauling at defendant's price.

"We were not impressed by the attitude or testimony of Pate. Of course, the testimony of Mr. Herrin is entirely trustworthy, but he admits that charges in the Sligo field depend entirely upon conditions. He cannot say that his estimates cover identical conditions with those of Mullen. This applies equally to the supporting witnesses who did not appear.

"We were impressed favorably with the sincerity of Mullen and his witness, Brock. It seems to us that a man intending to drive a sharp bargain *should do so in advance* and not after the work has been done.

"The fact that Pate continued to use Mullen after he claims to have been aware of alleged exorbitant charges and to make payments on the account is *fatal* to his defense.

"We see no reason to review the testimony as to each item involved. We think the charges appear reasonable, considering that Sligo is the worst field in the country and that much of the hauling was done knee-deep in mud and water. We think that if Pate had intended to contest the charge, he should have done so at once so that conditions could be considered.

"It was not the fault of plaintiff that the smoke stacks were not found. His charge for the two days looking for them is justified, but we think that the charge should be credited with the $14.50 earned by Mullen on a return haul.

"There is accordingly judgment for the plaintiff, as prayed for, less a credit of $14.50.

> "E. P. Mills,
> "District Judge."

We fully agree with the conclusions of the lower court and are of the opinion there is very little necessary to be added thereto.

The defendant does not deny that the plaintiff performed the work of hauling, for which he sues to recover. His sole contention is that he has overcharged for his services. The principal part of the hauling charged for was in the Sligo Oil Field, of Bossier Parish, Louisiana.

In the last paragraph of the opinion reference is made to two days' time used in looking for smokestacks, which were not found. The facts are that plaintiff was instructed to haul smokestacks from one place to another. He sent his truck to the designated place, made a search for the smokestacks and was unable to find them. On his return trip he secured $14.50 worth of hauling for a third person. He has charged defendant with the two days' time. He is entitled to recover, less the amount received from a third person for hauling on the return trip.

We fully agree with the lower court when it said a re-hash of the conflicting testimony on each and every item involved would be of no value to anyone and would only make an unnecessarily long opinion.

The judgment of the lower court is correct and is affirmed, with costs.